No. 994.

SUCCESSION OF T. S. MULHERN. ON HOMOLOGATION OF ACCOUNT OF THE ADMINISTRATRIX.

The Administrator of a Succession, who has placed a privilege creditor, as such, on his account and tableau of distribution, cannot afterwards pretend to amend his tableau and recognize such creditor only as an ordinary one, on the ground that the acknowledgment of the privilege was made in error of fact, without proving, not only the error, but, also, that he was ignorant of it, at the time he presented the original account.

The fact that a privilege creditor has received part payment of his claim by anticipation and from the general funds of the estate, will not prevent him from being paid the full balance of his claim out of the particular fund upon which he has a special privilege.

APPEAL from the Fifth District Court, parish of Richland. *Richardson*, J.

*Robert Ray* for the Administratrix, Appellant:

First—Administratrix can anticipate the payment of privilege claims before the sale of property upon which the privilege operates.

Second—After the sale of property upon which the privilege operates, a creditor so paid cannot ask to be paid again.

Third—Administratrix is not bound to pay privilege claims out of the identical funds which the property sold for upon which the privilege operated.

Fourth—J. Bernstein was paid before the homologation of the final account all he was entitled to out of the estate of T. S. Mulhern, and cannot be paid again.

Fifth—Mrs. M. D. Mulhern is an individual privilege creditor to the amount of $1000, and should not be required to pay Bernstein again out of funds upon which she has a privilege.

Sixth—I. Bloom & Co. have no vendor's privilege upon the proceeds of the land, for the reason that the deed and mortgage under which they claim the same was not recorded prior to the death of Mulhern.

Seventh—Privileges cannot be created by the judicial admission of an administrator.

*Potts & Hudson* for Opponents and Appellants.

*Cobb & Gunby* for Opponents and Appellees.

The opinion of the Court was delivered by

TODD, J. The controversy in this case relates to the proposed dis-

tribution of the proceeds of certain real estate belonging to the succession of P. S. Mulhern, deceased, in the hands of the administratrix of the succession.

The administratrix first filed a provisional account, in which she proposed to divide this fund, after making certain reductions therefrom, between J. Bernstein and I. Bloom.

Subsequently, she filed another account, termed an amended and final account, in which she averred that the claim of Bloom was allowed as a privilege debt, in error of fact; that the claim was for part of the price of land purchased by the deceased; but that the act of sale and mortgage securing the payment of the price had not been recorded until after the death of the deceased. She proposed to apply the amount, which, under the first plan of distribution was to be applied to the debt of Bloom, towards paying her own claim of one thousand dollars, as surviving widow of the deceased, in indigent circumstances.

The judgment of the District Court allowed the claim of Bernstein, but rejected that of Bloom as a privilege on the fund in question, recognized the widow's claim, and directed part of the funds in the hands of the administratrix to be applied towards its payment. From this judgment Bloom and Mrs. Mulhern, in her individual capacity, are the sole appellants.

Bloom urges two reasons why the judgment rejecting his privilege was erroneous: First, because, in the first account, his claim was allowed by the administratrix, and an order for its payment, as a debt importing the vendor's privilege, asked for; and that, after such acknowledgment, the subsequent action of the administratrix in the final account, denying the privilege, was not authorized; and that the administratrix was precluded therefrom by the acknowledgment made in her first account; and, secondly, that the act of sale containing the evidence of his privilege, was recorded at the same time in the book of sales and book of mortgages, though after the death of Mulhern, the purchaser of the land.

Mrs. Mulhern complains of the judgment in favor of Bernstein, upon the ground alleged that he had already received on his claim more than he was entitled to.

There is no contest between Bernstein and Bloom.

1. The facts bearing on the issues raised by the pleadings in this case are substantially as follows:

P. S. Mulhern died in the parish of Richland, in September, 1874. His estate consisted in part of a tract of land of 520 acres, one undivided half of which was purchased by the deceased of H. F. Vickers, on the 4th of August, 1871, on a credit, and the deed to which was duly recorded in the notarial and mortgage record books. The other half of

the land was bought of the same party on a credit, on the 12th of August, 1873, but the deed to it was not recorded until the 28th of April, 1875, which was after Mulhern's death.

Bernstein is the holder of notes given under the first and Bloom under the second sale. The acknowledgment of Bloom's claim by the administratrix, the placing it on her account as a privileged claim against the succession, and asking its payment out of the proceeds of the lands which she had sold, was a confession of judgment in favor of Bloom, or equivalent thereto. This confession could not have been retracted to the prejudice of Bloom and to the personal benefit of the administratrix, except for error of fact, properly alleged, and the fact that it was made in error, clearly established; and especially is this the case when the sole beneficiary of such retraction and change in the account is the party who made the confession. It is true, as urged by Mrs. Mulhern's counsel, that a mere consent or agreement cannot give rise to a privilege; but where, in a judicial proceeding, a party who has an interest in denying such privilege confesses it, the party in whose favor the confession is made is entitled to the benefit of it; and it becomes a question, not whether a privilege can spring from consent, but whether the one making such admission is bound thereby, and should or not be suffered to question it. It is not sufficient that one should plead that an act was done in error of fact, but such error should be proved. As, in this case, it was not enough that the administratrix should say that she had allowed the claim in the first account, in error, but she should prove, not merely that the sale in question had *not been recorded* before the death of Mulhern, but that, at the time she confessed the privilege, she was ignorant of such fact. There is no proof of such ignorance on her part in the record. As stated before, an administratrix should not perhaps be held to so strict a ruling, did she seek merely to correct an error for the benefit of the creditors of the succession whom she represented. Such is not the case here, as no creditor is before us, unless it is the administratrix herself, demanding such change or correction in the account. The only appellants, as stated, are Bloom and Mrs. Mulhern, who alone are interested in this issue, since no change can be made in the decree to affect the appellees, none of whom have asked an amendment of the judgment.

This view of the subject relieves us of the necessity of passing on the question touching the effect of the non-registry of the sale referred to, during the lifetime of Mulhern, and its registry after his death.

2. The amount allowed Bernstein by the judgment appealed from, is complained of by Mrs. Mulhern, on the ground that, before the rendition of her account, she had paid on Bernstein's claim an amount larger than the *pro rata* to which he was entitled, the succession being insol-

vent; and that such payment debarred him from any further participation in the fund. It is shown that the payment referred to, was made by Mrs. Mulhern before the land on which the privilege existed was sold and, in fact, before she was appointed administratrix of the succession. This cannot affect the right of this creditor to claim the balance due on such privilege debt, out of the actual proceeds of the sale of the property on which his privilege rested. The fact that part of his debt had been paid by Mrs. Mulhern at the time and under the circumstances shown, could not deprive Bernstein of the right to demand the payment of the undisputed balance of the debt, out of the proceeds of the land when sold; and we cannot really understand the pretence under which the administratrix opposes such payment.

The conclusion at which we have arrived compels us to remand the case, in order that the account may be readjusted and a distribution ordered in accordance with these views.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded to the lower court, to be proceeded with according to law and to the views herein expressed; the costs of appeal to be paid by the succession.

On Rehearing.

The opinion of the Court was delivered by

Levy, J. In this case, the rehearing applied for by the appellants, I. Bloom & Co., and the appellee, J. Bernstein, having been granted, we proceed to restate the account of administration. Adhering to our former decree, the privilege of Bloom & Co. in the proceeds of the sale of the undivided half of the tract of 520 acres of land, is recognized, as also that of Bernstein in the other undivided half thereof. The proceeds of the sale of the whole tract amount to $1068 80, from which must be deducted the costs of sale, $25 34, and the proportion of taxes chargeable to the land, $221 31, in all $246 65, leaving net proceeds, $822 15. Bernstein's privilege amounted to $413 58; the half of the proceeds affected thereby is $411 07½, to which latter sum he is entitled; the remaining half of these net proceeds, $411 07½, belongs to I. Bloom & Co. on account of their privilege, and these sums will be thus paid.

The balance for distribution among the general privileged and ordinary creditors must be corrected as follows: The sum of $353 24 (erroneously carried to the fund for such distribution), and $55 31 (the proportion of taxes chargeable to the property, immovable and movable, unaffected by Bloom & Co.'s and Bernstein's privileges), must be deducted from said balance, so that there will remain for distribution

$855 69 to be distributed to general privileged claims, or .497 per cent., 1720.80, to be paid out of $855 69=.497.

It is, therefore, ordered that our previous decree herein remanding the case, be set aside, and it is now ordered, adjudged and decreed that the judgment of the lower court be amended as hereinabove set forth, and in all other respects, as to the judgment of said lower court, it be affirmed at the costs of the said succession.